**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| KOUICHI  NAKAMURA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 08-0354 (CKK) |
| MICHAEL V. HAYDEN, Director,<br>Central Intelligence Agency, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**ORDER**

Pending before the Court is defendant's motion to dismiss or, alternatively, for summary judgment.  Because defendant's motion could potentially dispose of this case, the Court will advise the *pro se* plaintiff of his obligations under the Federal Rules of Civil Procedure and the rules of this Court.  *See Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988); *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

The plaintiff's attention is directed to Local Civil Rule 7(b), which states:

> Within ... such ... time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion.  If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded.

Local Civil Rule 7(b).

The plaintiff's attention is also directed to Rule 56 of the Federal Rules of Civil Procedure regarding summary judgment, which states in pertinent part:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine

issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).

(1) In General. A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

(2) Opposing Party's Obligation to Respond. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e).

Motions for summary judgment are also governed by Local Civil Rule 7(h), which

provides as follows:

Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement.  An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement . . . .  In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

Local Civil Rule 7(h).

In other words, the Court will accept as true any factual assertions contained in affidavits

or attachments submitted by the defendant in support of a motion for summary judgment unless

the plaintiff submits his own affidavits or documentary evidence showing that the defendant's

assertions are untrue.  *See Neal v. Kelly*, 963 F.2d at 456.

Additionally, the plaintiff is directed to Rule 6(d) of the Federal Rules of Civil Procedure

which provides:

> When a party may or must act within a specified time after service and
> service is made [by mail or by other means consented to in writing by the
> person served], 3 days are added after the period would otherwise
> expire....

Fed. R. Civ. P. 6(d).

The Court may treat as conceded any motion not opposed within the time limits outlined

in this Order.  Alternatively, the Court may consider on the merits any motion not opposed within

the time limits outlined in this Order.  Thus, failure to respond to the defendant's motion in this

case carries with it the risk that this case will be dismissed or that judgment will be entered for

the defendant.  It is hereby

ORDERED that plaintiff shall file his opposition or other response to defendant's motion

to dismiss or, alternatively, for summary judgment no later than **August 15, 2008**.  If plaintiff

does not respond by that date, the Court will treat the motion as conceded and may dismiss the

case or may grant summary judgment in defendant's favor.

SO ORDERED.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE:  June 9, 2008